MEMORANDUM ***
Luis Humberto Gomez (Gomez), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (BIA) dismissal of his appeal of an Immigration Judge’s (IJ) decision denying a waiver of inadmissibility in conjunction with adjustment of status. Gomez alleges that governmental misconduct during his removal proceedings deprived him of due *883 process. Although we lack jurisdiction to review the merits of a hardship determination, we have jurisdiction to consider colorable constitutional claims. See Arteaga-De Alvarez v. Holder, 704 F.3d 730, 735 (9th Cir.2012).
Gomez maintains that the government stipulated to adjusting his immigration status and then lied about having so stipulated. The IJ agreed with Gomez and granted his application for adjustment of status.. The government appealed to the BIA. On appeal, the BIA determined that the record contained no such stipulation, and remanded for the IJ to issue a new decision. Subsequently, Gomez was ordered removed.
We review factual findings for substantial evidence and constitutional questions de novo. See Vilchez v. Holder, 682 F.3d 1195, 1198-99 (9th Cir.2012). Substantial evidence supports the BIA’s finding that the government did not stipulate to adjust Gomez’s status. Moreover, because Gomez had a full and fair opportunity to present testimony and other evidence in the remanded proceedings, he was not deprived of his due process rights under the Constitution. See id. Having determined that Gomez was not deprived of his due process rights under the Constitution, we have no jurisdiction to proceed further. See id. at 1200-01.
PETITION FOR REVIEW DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.